793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STONEWALL UNION; CRAIG COVEY, Plaintiffs-Appellants,
v.
CITY OF COLUMBUS; ALPHONSO C. MONTGOMERY; DWIGHT JOSEPH,
Defendants-Appellees.
 85-3546
 United States Court of Appeals, Sixth Circuit.
 5/20/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the judgment of the district court denying their request for a preliminary injunction in this action challenging the constitutionality of City of Columbus, Ohio, ordinances. The ordinances provide that as a prerequisite to conducting a parade upon the streets of Columbus, a permit must first be obtained and require prepayment of a fee representing the costs for processing the permit application and the determined costs for the maintenance of traffic control along the parade route.
 
 
 2
 The district court held that plaintiffs have little likelihood of success on the merits because the Columbus ordinances appear to be valid 'time, place, and manner' restrictions under Cox v. New Hampshire, 312 U.S. 569, 61 S. Ct. 762 (1941). The district court found the ordinances to be content neutral and narrowly tailored to serve a significant governmental interest, namely, traffic control. The district court further found the charges imposed by the ordinances to be limited to the administrative costs and traffic control costs created by the parade in question. Finally, the court observed that alternate channels of communication were present in that persons may march on the City's sidewalks or in its parks without paying any fees or obtaining any permits. Having found the ordinances facially constitutional, the court also determined that the City had applied the ordinances in a constitutional manner.
 
 
 3
 On appeal plaintiffs argue that the ordinances unconstitutionally restrict access to public forums and that the charges levied under the ordinances are impermissible user fees whereby the City conserves its treasury from expenditures which accommodate the free flow of ideas on public forums.
 
 
 4
 The scope of our review of the denial of a preliminary injunction is limited to whether or not the district court abused its discretion. See Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.), cert. dismissed, 105 S. Ct. 1155 (1985). Upon consideration of the entire record, the briefs filed herein, and after oral argument, we hold that the district court did not abuse its discretion in denying plaintiffs' request for a preliminary injunction. There was a basis for the district court's finding that the ordinances in question are content neutral and that alternate channels of communication were in fact present in that the plaintiffs could have marched on the City of Columbus sidewalks or in its parks without paying any fees or obtaining any parade permits. Finally, based upon Cox v. New Hampshire, supra, the plaintiffs have not shown a sufficient likelihood of success on the merits of this case. Accordingly, the judgment of the district court is AFFIRMED in all respects.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation